Allen, J.
 

 In this case the commission ordered the Central Ohio Transit Company to desist from operating any busses except the seven-passenger busses which the original operators were actually operating on April 28, 1923. This order was entirely proper. The statutory provisions as to application, notice, and hearing apply to increases of equipment as well as to original applications to operate.
 
 Columbus Ry. Power & Light Co.
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 634, 150 N. E., 237. An increase permitted by the commission without compliance with these statutory requirements is void.
 
 Cincinnati Traction Co.
 
 v
 
 Public Utilities Commission,
 
 113 Ohio St., 668, 150 N. E.,
 
 *538
 
 308;
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities
 
 Commission, 115 Ohio St., 358, 154 N. E., 320.
 

 It is claimed that, since the objecting competitor in this case delayed more than two years before complaining of the failure of the Public Utilities Commission to comply with the requirements of Section 614-91, General Code, and Section 614-93, General Code, as to the increase of equipment, the Public Utilities Commission is now precluded from ordering the Central Ohio Transit Company to return to the equipment authorized under its original certificate granted upon affidavit. This contention, however, is untenable. The motor transportation statute was designed, not for the benefit of motor bus operators, but to serve the public convenience and necessity. Whatever might be the effect of delay upon the rights of a competing- carrier under the circumstances set out in this record, such delay in objecting to an illegal operation cannot preclude the commission in a proceeding properly raising the question from taking action under the statutes and under the rules of the commission to rectify such illegal operation.
 

 Order affirmed.
 

 Marshall, C. J., Robinson and Matthias, JJ., concur.
 

 Kinkade, J., not participating.