*366
 
 By the Court.
 

 William Maurer held by transfer a certificate of public convenience and necessity to transport passengers for hire from Hooven, through Cleves, North Bend and Addyston, to a downtown terminal in Cincinnati. The original route entered the west corporation limit of that city over U. S. Route 50, passed through a community designated as Fernbank and continued along the Lower River road paralleling the north bank of the Ohio river to the main business section of the city. The entire portion of the route east of the west corporation line of Cincinnati was within the limits of that city and was served by the Cincinnati Street'Railway Company. The original certificate was “restricted against handling passengers whose whole ride is within the city of Cincinnati, Ohio. ’ ’
 

 Maurer was granted an amended certificate which omitted that portion of the route in Cincinnati along the Lower River road from the interesection of TJ. S. Route 50 and Delhi pike to the intersection of U. S. Route 50 and Delhi pike at Sedamsville. That portion of the original route abandoned within the city of Cincinnati followed a course approximating the lower arc of a circle, and the substituted route in the amended certificate was over a course similar to a chord of that arc. The amended certificate permitted him to operate over Delhi pike between the intersections just named, most of which amended route was north of and outside the corporate limits of Cincinnati. An identical restriction against handling passengers whose whole ride was within the city limits was contained in the amended certificate. No application was filed to lift or modify that restriction.
 

 One week after his amended certificate was issued Maurer was notified in writing by the commission that he was violating the restriction. Less than a month after that notification he filed a motion to interpret and clarify his certificate, and within a week thereafter representation was made to the commission on behalf
 
 *367
 
 of Maurer that matters would be simplified if the motion were withdrawn, a formal complaint filed and everything in controversy disposed of at one hearing. Whereupon leave was granted to withdraw the motion to clarify.
 

 Some ten months after the amended certificate was issued the Cincinnati Street Railway Company filed a formal complaint which charged that Maurer was violating the restrictive clause by “accepting passengers for transportation whose origin and destination are both within the city of Cincinnati. ’ ’
 

 The commission issued a citation to the operator, according him fifteen days within which to answer the complaint, and an answer was filed admitting that the citee had been accepting passengers for transportation between Fernbank and Cincinnati, denying a violation of the restriction because his amended route for a -distance of over four miles between Fernbank and the city of Cincinnati was outside the corporate limits, and alleging that he was providing the only bus transportation for the Fernbank territory, that public convenience and necessity required such service and that the rail transportation provided by the street railway was inadequate, inefficient and unsatisfactory. He prayed for an oral hearing on the issues, and that the complaint be dismissed.
 

 The commission, without affording a hearing, entered an order finding that the restriction in the certificate “should be interpreted to prohibit the said respondent from transporting passengers the origin and destination of. whose trips are within the city of Cincinnati,” and directing him to cease and desist such transportation. A further order,
 
 nunc pro tunc
 
 as of the date when the amended certificate was granted, redescribed but did not alter the amended route and changed the restriction to prohibit “the transportation of passengers whose origin and destination are within the city of Cincinnati.”
 

 
 *368
 
 An application for rehearing was filed and a hearing was held only upon the question of interpretation of the restriction in the amended certificate, during which hearing it was contended on behalf of Maurer that the commission having granted a clear and unambiguous certificate did not have authority to interpret it contrary to the plain import of the language used.
 

 After a premature appeal to this court had been dismissed by appellant, the commission issued another citation, conducted a hearing, vacated its
 
 nunc pro tunc
 
 order, found that at no time had an application been filed to lift the restriction and ordered that an amended certificate be issued to clearly and definitely set out the restrictions stipulated in the original application and hearing, by changing the restriction to include passengers whose origin and destination are both within the corporate limits of Cincinnati. At this latter hearing Maurer again contended that the restriction in the amended certificate was unambiguous, and offered, over objection, proof that public convenience and necessity required bus operation between Fernbank and Cincinnati.
 

 Appeal was perfected to this court after a denial of an application for rehearing.
 

 Appellant’s brief states that the following questions are presented:
 

 “(1) May the commission modify and partially revoke a certificate granted upon a finding of public convenience and necessity without proper notice, a hearing and showing of good cause?
 

 “(2) Is the commission authorized to modify and partially revoke a certificate two years after issuance on the ground that the record does not show sufficient proof to sustain its original issuance?”
 

 The first question is predicated upon a false premise. An examination of the record discloses that at the hearing of the application for an amended certificate, disclaimer was made of any intention of
 
 *369
 
 carrying passengers between tbe two intersecting points on U. S. Route 50 heretofore mentioned.
 

 In support of his application for an amended certificate Maurer filed petitions signed by residents of Delhi township and produced witnesses residing in that territory, but during the hearing no evidence was submitted supporting an intention to transport passengers between Fernbank and Cincinnati. With that application he filed a mileage statement and during the hearing he presented a schedule containing a charge for carrying passengers from Fernbank into Cincinnati and return, but the mileage statement carried no mileage in Fernbank or mention of that community.
 

 Inhere is nothing in the record to substantiate the premise that either the original or amended certificate was “granted upon a finding of public convenience and necessity” for transportation between Fernbank and Cincinnati. In fact the record refutes that such a right was sought until after the amended certificate ( was issued. The granting of such permission would have been an indirect evasion of that provision of Se.ction 614-86, General Code, which withholds from motor transportation companies the right to carry passengers whose complete ride is wholly within the territorial limits of a municipal corporation, except with the consent of the latter.
 

 The second question has been answered by this court in
 
 Central Ohio Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 531, 164 N. E., 763, wherein it is held that delay of a competing carrier before complaining does not preclude the commission from taking action to rectify an illegal operation.
 

 From a review of the entire record in this proceeding we are of opinion that the order of the Public Utilities Commission is neither unlawful nor unrea
 
 *370
 
 sonable and tbe order of the commission is therefore affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.